**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

John Fasan Atambo,                                      Civil No. 26-1804 (DWF/ECW)

           Plaintiff,

                                           **MEMORANDUM**
v.                                                                  **OPINION AND ORDER**

Padagis LLC,[1]

           Defendant.

## INTRODUCTION

This matter is before the Court on a motion to dismiss Plaintiff John Fasan
Atambo's *pro se* complaint filed by Defendant Padagis US, LLC.  (Doc. No. 3.)  For the
reasons set forth below, the Court grants the motion and dismisses this action.

## BACKGROUND

Plaintiff works for Defendant.  (Doc. No. 1-3 ¶ 4.)  On or around May 15, 2025,
Plaintiff filed a Charge of Discrimination (the "Charge") against Defendant with the
Equal Employment Opportunity Commission ("EEOC"), alleging claims for race and
national origin discrimination and retaliation under Title VII of the Civil Rights Act of
1964.  (Doc. No. 6 ¶ 2; Doc. No. 6-1 at 2-3.)  On May 20, 2025, the Minnesota
Department of Human Rights ("MDHR") notified Plaintiff that the EEOC had forwarded
the Charge to the MDHR.  (Doc. No. 6-1 at 6.)  The MDHR informed Plaintiff that it

---

[1]     Defendant notes that its proper name is Padagis US, LLC.

would not conduct or participate in the investigation of the Charge and, instead, that the EEOC would notify the MDHR, along with the parties, of its decision.  (*Id.*)  At the same time, the MDHR informed Plaintiff that after Plaintiff received the EEOC's decision, he would have ten days to request in writing that the MDHR conduct a review of that decision.  (*Id.*)

On November 18, 2025, the EEOC issued a Determination and Notice of Rights ("Right to Sue Letter") as to Plaintiff's Charge, advising the parties that the EEOC would take no further action in the matter and that Plaintiff had ninety days to file suit on the Charge under federal law in federal or state court.  (*Id.* at 9.)  Plaintiff does not allege that he asked the MDHR to review the EEOC's decision.[2]

On February 9, 2026, Plaintiff filed a *pro se* action with the Hennepin County District Court, asserting claims under Title VII and the Minnesota Human Rights Act ("MHRA").  (Doc. No. 1-3.)  The state court docket does not show that Plaintiff filed the summons.  (*See* Doc. No. 6 ¶ 4.)

On March 9, 2026, Plaintiff filed with the Court a "Notice of Service/Certificate of Service," claiming that he had effectuated service on Defendant by sending the Complaint to Defendant's counsel by regular and certified mail on February 9, 2026. (Doc No. 1-1.)  Defendant's counsel attests that on February 23, 2026, his law firm office received an envelope from Plaintiff that arrived via certified mail and included a *pro se*

---

[2]     Nor did Defendant receive notice that Plaintiff asked the MDHR to review the decision.  (Doc. No. 6 ¶ 3.)

civil complaint but that the envelope did not include a summons or waiver of service form.  (Doc. No. 6 ¶ 5.)  In addition, Defendant's counsel maintains neither he nor anyone else at his law firm was authorized to accept service on Defendant's behalf, and that he did not ever advise Plaintiff that he or his law firm were so authorized.  (*Id.*)

Defendant removed this action to this Court on March 10, 2026.  (Doc. No. 1.) Defendant claims that it did so to avoid any waiver of its right to remove based on Plaintiff's representation to the state court that Defendant had been properly served.  (*Id.* at 3.)  Defendant expressly reserved the right to argue insufficient service of process resulting in a lack of jurisdiction.  (*Id.*)  Defendant now seeks dismissal of this action. (Doc. No. 3.)  Plaintiff responded to Defendant's motion with two opposition briefs (Doc. Nos. 9, 17), a motion for leave to perfect service (Doc. No. 10), a supplemental motion for leave to perfect service (Doc. No. 12), as well as newly filed notices of purported completed service (Doc. Nos. 20-25).  In addition, on July 15, 2026, Plaintiff filed a motion for referral to the *Pro Se* Project.  (Doc. No. 26.)

## DISCUSSION

"If a defendant is improperly served, a federal court lacks jurisdiction over the defendant."  *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993).  Here, Defendant challenges jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and both the sufficiency of process under Rule 12(b)(4) and the sufficiency of service under Rule 12(b)(5).  *See, e.g.*, *Rodriguez v. Sherburne Cnty. Jail*, No. 22-cv-3663, 2024 WL 1078177, at *2 (D. Minn. Feb. 7, 2024) (explaining that Rule 12(b)(4) concerns the form of the process and Rule 12(b)(5) is the proper vehicle for

3

challenging the mode or delivery or lack of delivery of the summons and complaint).  On

motion to dismiss under Rules 12(b)(4) or 12(b)(5), a plaintiff must establish prima facie

evidence of sufficient process and service of process.  *See Seretse v. Andersen Corp.*,

No. 12-cv-323, 2013 WL 2434876, at *4 (D. Minn. June 4, 2012).  Here, Plaintiff has not

done so.

The Court looks to Minnesota law because Minnesota is the jurisdiction in which

the case was brought before it was removed to this Court.  *See Hubbard v. Citi Mortg.,

Inc.*, No. 13-cv-2189, 2014 WL 1309112, at *4 (D. Minn. Mar. 31, 2014).  Under

Minnesota law, a civil action commences upon service of a summons and complaint

Minn. R. Civ. P. 3.01 ("A civil action is commenced against each defendant:  (a) when the

summons is served upon that defendant . . . .")[3]; *see also Quasius v. Schwan Food Co.*,

No. 08-cv-575, 2008 WL 4933764, at *2 (D. Minn. Nov. 14, 2008) (explaining that under

Minnesota procedure, "an action is commenced upon service of a summons and

complaint").  In addition, Minnesota law requires personal service, and "service by mail

is not personal service." *Metivier v. Deutsche Bank Tr. Co. Ams.*, No. 19-cv-2929, 2020

WL 2215725, at *3 (D. Minn. May 7, 2020) (quoting *Melillo v. Heitland*,

880 N.W.2d 862, 864 (Minn. 2016)).  Service in a manner not authorized by the rules of

civil procedure is ineffective. *Tullis v. Federated Mut. Ins. Co.*, 570 N.W.2d 309, 311

(Minn. 1997).  And when service of process is invalid, the Court lacks personal

---

[3]     Alternatively, an action may be commenced via a signed waiver of service or delivery of the summons to the appropriate sheriff.  *See* Minn. R. Civ. P. 3.01(b)-(c). Neither of these methods apply here.

jurisdiction and the case is properly dismissed. *Printed Media Servs.*, 11 F.3d at 843;

*Lewis v. Contracting Nw., Inc.*, 413 N.W.2d 154, 157 (Minn. Ct. App. 1987).

In this case, there is no dispute that Plaintiff did not properly effectuate service of

process. Plaintiff does not argue otherwise. In particular, Plaintiff concedes that he did

not serve a summons. (Doc. No. 10 at 1 (not disputing that "the initial service may have

had technical deficiencies"); Doc. No. 12 at 1 (acknowledging attempted service on

counsel who was not authorized to accept service and failing to include a summons).)

Because Defendant was not properly served, the Court lacks jurisdiction. This is true

even if Defendant had actual notice. *Printed Media Servs.*, 11 F.3d at 843; *Adams v.*

*AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885-86 (8th Cir. 1996).[4] The failure to

timely effect service is not inconsequential or a mere technical error. *See Pye v. NuAire,*

*Inc.*, Civ. No. A12-0734, 2012 WL 6652618, at \*5 (Minn. Ct. App. Dec. 24, 2012), *rev.*

---

[4]     Plaintiff asks the Court to deny the motion to dismiss arguing that he timely filed
this action, Defendant had actual notice, and Plaintiff acted in good faith. (Doc. No. 10.)
This is not enough. *See Griffin v. City of Minneapolis*, No. 25-cv-1963, 2025 WL
2803083, at \*2 (D. Minn. Oct. 1, 2025) (recognizing that while a *pro se* litigant is entitled
to certain leniencies, "the requirements of proper service under Minnesota law cannot be
ignored").

Plaintiff also claims that he "filed this action timely within 90 days of the receipt
of the EEOC Right to Sue Letter." (Doc. No. 10 at 1.) In his supplemental motion for
leave to perfect service and notice of service, Plaintiff claims that he served a summons
and complaint on Defendant's registered agent on March 18, 2026. (Doc. No. 12 at 2;
Doc. No. 13.) Defendant asserts, however, that the agent served was not its correct agent.
(Doc. No. 16 at 4.) In addition, the purported service occurred before Plaintiff requested
a summons from the Court on March 25, 2026. (Doc. No. 14.) Finally, the purported
service was by certified mail (Doc. No. 12 at 2), which is not valid without a waiver of
service, among other things. *See* Fed. R. Civ. P. 4(d)(1); Minn. R. Civ. P. 4.05(a)(1).

*denied*, (Mar. 19, 2013) (affirming dismissal and rejecting argument that failure to timely serve was inconsequential). Moreover, the fact that Plaintiff is a *pro se* litigant does not excuse his failure to properly effect service. *See DiBlasio v. City of St. Paul*, Civ. No. A05-1803, 2006 WL 1704172, at *2 (Minn. Ct. App. June 20, 2006) (dismissing *pro se* plaintiff's claims for failure to serve summons).

In the alternative, Plaintiff seeks leave to perfect service under Rule 4(m), which provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). That Rule, however, "is only a time restriction that requires that the summons and complaint be served within [90] days of the filing of the complaint. *It does not address how or when a lawsuit is properly commenced.*" *Larson v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000) (emphasis added). In addition, Rule 4(m) does not conflict with Minnesota's commencement rule, Minn. R. Civ. P. 3.01. *Id.* Because Plaintiff failed to commence this suit by effecting proper service, Rule 4(m) is not relevant.

The only question left is whether Plaintiff's lawsuit is properly dismissed with or without prejudice. The timeliness of Plaintiff's federal claims is governed by the 90-day deadline set by Title VII. Defective service does not toll the statute of limitations. *See Haage v. Hawkins*, No. C8-90-443, 1990 WL 136507, at *1 (Minn. Ct. App. Sep. 25, 1990) (*citing Thiele v. Stich*, 425 N.W.2d 580, 584 (Minn. 1988)). Importantly, the

90-day deadline expired before the case was removed to this Court. Thus, dismissal of Plaintiff's federal claims with prejudice is appropriate.[5] *See Medlock v. SuperAmerica Grp., Inc.*, No. 4-92- cv-670, 1993 WL 285871, at *2 (D. Minn. July 16, 1993).

Defendant, however, concedes that it does not have sufficient information to determine if Plaintiff's deadline to assert state-law claims under the MHRA have also expired. Therefore, the Court concludes that Plaintiff's MHRA claims are properly dismissed *without* prejudice.

Finally, the Court addresses Plaintiff's motion for referral to the *pro se* project of the Federal Bar Association for the District of Minnesota. Because Plaintiff's federal claims are properly dismissed with prejudice, such referral is not warranted and is respectfully denied.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

    1.     Defendant's motion to dismiss (Doc. No. [3]) is **GRANTED**.

---

[5] While Plaintiff filed his Complaint on February 9, 2026, Plaintiff did not commence this action—which requires service of the summons—within 90 days of November 18, 2025, the date that Plaintiff received the EEOC's Right to Sue Letter. (Doc. No. 10 at 2.) Plaintiff concedes as much. (Doc. Nos. 10, 12.) Plaintiff now argues that service was completed on March 18, 2026, via certified mail, but as discussed above, that service was ineffective and fell outside of the 90-day window.

2.      Plaintiff's motion for leave to perfect service (Doc. No. [10]) and supplemental motion for leave to perfect service (Doc. No. [12]) are respectfully **DENIED**.

3.      Plaintiff's federal claims are **DISMISSED WITH PREJUDICE**.

4.      Plaintiff's state-law claims are **DISMISSED WITHOUT PREJUDICE**.

5.      Plaintiff's motion for referral to the *pro se* project (Doc. No. [26]) is respectfully **DENIED**.

    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 3, 2026                       s/Donovan W. Frank
                                             DONOVAN W. FRANK
                                             United States District Judge